UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Edward Richard Krasky, | Case No. 23-cv-1631 (NEB/TNL) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| William Bolin, Warden of MCF Stillwater, | |
| Respondent. | |

In 2019, petitioner Edward Richard Krasky pleaded guilty in Minnesota state court to one count of criminal sexual conduct in the first degree. *See State v. Krasky*, No. 05-CR-18-1708 (Minn. Dist. Ct.). Krasky later filed a petition for postconviction relief in state court seeking to withdraw his guilty plea on the grounds that the plea was not voluntary or intelligent, but the petition was denied without an evidentiary hearing, and that denial was affirmed on appeal. *See Krasky v. State*, No. A21-0727, 2021 WL 5766313, at *1-3 (Minn. Ct. App. Dec. 6, 2021). Krasky now seeks habeas corpus relief from his conviction in this District, alleging again that his guilty plea is invalid; Krasky also contends that his attorney during the plea stage was constitutionally ineffective.

Krasky's habeas petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. After review, this Court concludes that Krasky's habeas petition is untimely and should be denied on that basis.

1

Under 28 U.S.C. § 2244(d),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Most of those provisions are not relevant to this case. Krasky does not contend that the State of Minnesota has impeded his ability to seek federal habeas relief previously; he is not seeking relief pursuant to a newly recognized constitutional right; and the factual predicates of Krasky's claims would have been known to him at the time that he entered his guilty plea. Under § 2244(d), then, the one-year limitations period for

2

Krasky to seek habeas relief began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Krasky did not seek direct review from his guilty plea, and therefore the limitations period began on the date that the time for seeking direct appellate review expired. Under Minnesota law, Krasky had 90 days from when judgment was entered in the criminal proceeding (April 11, 2019) in which to file a notice of appeal. *See* Minn. R. Crim. P. 28.05, subd. 1. The judgment in Krasky's criminal proceedings became final on July 10, 2019, upon Krasky having failed to file a notice of appeal, and the one-year limitations period expired on July 10, 2020 — obviously too long ago for this 2023 habeas corpus proceeding. And although the federal habeas limitations period is stayed while a petitioner seeks state postconviction relief, *see* 28 U.S.C. § 2244(d)(2), Krasky did not seek state postconviction relief until April 7, 2021—that is, several months after Krasky's federal limitations period had already expired.[1] Krasky's habeas petition is plainly too late.

Krasky seems to concede that his petition is untimely under § 2244(d), *see* Petition at 13 [ECF No. 1], but he contends that this matter fits within the actual-innocence exception to the statute of limitations established by *McQuiggin v. Perkins*, 569 U.S. 383

---

[1] Even if the timeliness of Krasky's habeas petition were (improperly) measured from the end of the state postconviction proceedings rather than the date on which the judgment became final, the petition would be untimely. The Minnesota Supreme Court declined review of the denial of the postconviction petition on February 23, 2022, and Krasky did not file his habeas petition by placing the document in the prison mail system until May 24, 2023. (The period tolled by § 2244(d)(2) does not include the period in which to file a petition for a writ of certiorari with the Supreme Court of the United States. *See Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001)).

(2013). As *McQuiggin* itself noted, however, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Krasky falls well short of this threshold. As an initial matter, Krasky acknowledges that the victim of the offense had made a statement that Krasky had committed an act that constituted first-degree criminal sexual assault, *see* Petition at 5, and there is no reason to believe that a reasonable juror could not have credited that victim statement if it (or similar testimony) were to be offered at trial. But even leaving that aside, Krasky himself admitted in detail to activity that met the statutory definition of criminal sexual conduct, *see* Pet. Ex. at 133 [ECF No. 1-2] (plea transcript), and he did not challenge the accuracy of the factual basis for his guilty plea on postconviction review, *see Krasky*, 2021 WL 5766313, at *2 n.1. "[T]he defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Krasky has not made a threshold showing of actual innocence, and his habeas petition was filed after the one-year limitations window established by § 2244(d). Accordingly, it is recommended that the petition be denied and this matter be dismissed. Two further matters merit brief comment. First, because Krasky's habeas petition is recommended for denial, it is further recommended that his pending application to proceed *in forma pauperis* also be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074

4

n.3 (8th Cir. 1996) (per curiam). Second, a habeas corpus petitioner proceeding under 28 U.S.C. § 2254 cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Krasky cannot make that showing, and it is thus recommended that a COA not be granted in this matter.

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Edward Richard Krasky [ECF No. 1] be **DENIED**.

2. This matter be **DISMISSED**.

3. Krasky's application to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

4. No certificate of appealability be issued.

Dated: June __28__, 2023                                  _____*s/ Tony N. Leung*_____
                                                          Tony N. Leung
                                                          United States Magistrate Judge
                                                          District of Minnesota

                                                          *Krasky v. Bolin*
                                                          Case No. 23-cv-1631 (NEB/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).