UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EDWARD RICHARD KRASKY, | Case No. 23-CV-1631 (NEB/TNL) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| WILLIAM BOLIN, Warden of MCF Stillwater, | |
| Respondent. | |

Edward Richard Krasky petitioned for a writ of habeas corpus under 28 U.S.C. Section 2254. In a Report and Recommendation, United States Magistrate Judge Tony N. Leung recommends that Krasky's petition and application to proceed *in forma pauperis* be denied and this matter be dismissed. (ECF No. 6 ("R&R").) Krasky objects to the R&R. (ECF No. 7.) He also moves for court-appointed counsel and to classify documents relating to his mental health as confidential. (ECF Nos. 8, 11, 15.) Because Krasky objects, the Court reviews the R&R *de novo*. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). For the reasons below, the Court overrules the objection, accepts the R&R, denies Krasky's petition, IFP application, and motion to appoint counsel, and grants Krasky's motions to designate documents relating to his mental health as confidential.

## BACKGROUND

The R&R provides the factual background of this case. (R&R at 1, 3.) The Court incorporates the R&R's findings of fact, except those parts to which Krasky objects. For the findings to which Krasky objects, the Court addresses the legal import of his arguments below.

## ANALYSIS

### I. Timeliness under Section 2244(d)(1)

The R&R concludes that Krasky's petition is untimely. (R&R at 1–3.) Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state-court judgments. 28 U.S.C. § 2244(d)(1). Relevant here, Krasky's limitations period ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Judgment was entered in Krasky's criminal proceeding on April 11, 2019. (ECF No. 1 at 1.) Krasky then had 90 days (*i.e.*, until July 10, 2019) to file a notice of appeal. *See* Minn. R. Crim. P. 28.02, subdiv. 4; Minn. R. Crim. P. 28.05, subdiv. 1. Because Krasky did not file a notice of appeal within 90 days, the judgment in his criminal proceedings became final on July 10, 2019, and the AEDPA's one-year limitations period expired on July 10, 2020. Krasky did not petition for federal habeas relief until 2023, so the petition is untimely.

In his objection, Krasky argues that this petition was timely because he filed a state habeas corpus petition in April 2022. (Obj. at 6–7); *see Krasky v. Bosh*, No. 82-CV-22-1623 (Wash. Cnty. Ct. Apr. 11, 2022). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "Section 2244(d)(2) only stops, but does not reset, the [limitations] clock from ticking and cannot revive a time period that has already expired." *Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (citation omitted). Because Krasky filed his state petition for habeas relief well after the AEDPA's limitations period had expired in 2020, it did not toll the limitations period.[1]

Krasky also contends that his petition is not time-barred because he faced an impediment created by State action. (Obj. at 6.) Krasky did not make this argument in his petition, and so it is waived. (*See* R&R at 2 ("Krasky does not contend that the State of Minnesota has impeded his ability to seek federal habeas relief previously . . . .")); *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to

---

[1] For the same reason, the limitations period was not tolled when Krasky petitioned for state postconviction relief in April 2021. (*See* R&R at 3); *Krasky v. State*, No. A21-0727, 2021 WL 5766313, at *1 (Minn. Ct. App. Dec. 6, 2021), *review denied* (Feb. 23, 2022).

3

the magistrate judge." (citation omitted)). Even if Krasky had made this argument before Judge Leung, he does not establish that the State impeded him from filing his petition.

Section 2244(d)(1)(B) provides an alternative AEDPA limitations period that runs from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Krasky claims that "[t]he State created an impediment to the Petitioner when they did not inform a mentally disabled prisoner that he was allowed to challenge his guilty plea." (Obj. at 6.) He does not specify who or what created this supposed impediment.[2] Nor does he explain how his lack of knowledge of a legal defense prevented him from filing a habeas petition. *See Famous v. Fuchs*, 38 F.4th 625, 631 (7th Cir. 2022) (affirming the rejection of a § 2244(d)(1)(B) argument "[g]iven the paucity of factual narrative as to information that was within [the petitioner's] knowledge"); *Krause v. Thaler*, 637 F.3d 558, 562 (5th Cir. 2011) (affirming the rejection of a § 2244(d)(1)(B) argument where the petitioner "fail[ed] to even allege sufficient facts to show that he was prevented from timely filing" his habeas petition). For these reasons, Krasky's Section 2244(d)(1)(B) argument fails.

---

[2] To the extent that Krasky asserts that his counsel created the alleged State action, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (concluding that defense counsel's conduct did not constitute state action for purposes of § 2244(d)(1)(B)).

4

## II.     Actual-Innocence Exception

Krasky also objects to the R&R's conclusion that the actual-innocence exception did not toll his limitations period. (Obj. at 1–5, 6; *see* R&R at 3–4.) A petitioner may invoke the actual-innocence exception to overcome the expiration of AEDPA's one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Successful actual-innocence exceptions are rare: "[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Krasky must offer "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

According to Krasky, his innocence is established by various evidence available to him before or at the time of his plea. (Obj. at 1–2, 4; ECF No. 1 at 5, 7.) Even if this evidence suggested Krasky's actual innocence, it is not "new reliable evidence." *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011) (explaining that actual innocence requires that the petitioner "come forward not only with new reliable evidence which was not presented at trial, but to come forward with new reliable evidence which was not available at trial through the exercise of due diligence"). As for Krasky's claim that unspecified testimony "would have come forward," (Obj. at 2), Krasky's speculation about what evidence might show does not establish his actual innocence. *See Fox v. Walz*, No. 20-CV-1641 (DSD/LIB),

5

2021 WL 2792404, at *4 (D. Minn. Mar. 31, 2021) (rejecting petitioner's argument that "speculation is enough of a showing of 'new evidence' to let a § 2254 petitioner use the actual-innocence route to avoid the § 2244(d)(1) limitations period"), *report and recommendation adopted*, 2021 WL 2562847 (D. Minn. June 23, 2021). Moreover, Krasky's acknowledgement of the victim's statement and his admissions at his plea hearing, as well as his failure to challenge the accuracy of the factual basis of his guilty plea on postconviction review, contradict his claim of actual innocence. (*See* ECF No. 1 at 5; ECF No. 1-2 at 132–33); *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) ("The defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." (cleaned up, citation omitted)). Based on the record, the Court cannot conclude that no reasonable juror would have found Krasky guilty of the crime to which he pled guilty, *see McGinnis*, 569 U.S. at 386, and thus the actual-innocence exception does not apply.

### III.    Additional Matters

The R&R recommends that Krasky's application to proceed *in forma pauperis* be denied and that a certificate of appealability not be granted in this matter. The Court has considered Krasky's objection to these recommendations *de novo*, (Obj. at 5–6), overrules the objection, and accepts these recommendations. The Court also denies Krasky's motion to appoint counsel, (ECF No. 8), as moot. Finally, Krasky submitted two affidavits

relating to his mental health as well as certain medical records; he asks that the Court designate them as confidential. (ECF Nos. 10–11, 14, 14-1, 15.) The Court will do so.

## CONCLUSION

Based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

1. Krasky's Objection (ECF No. 7) is OVERRULED;

2. The Report and Recommendation (ECF No. 6) is ACCEPTED;

3. The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED;

4. The application to proceed *in forma pauperis* (ECF No. 2) is DENIED;

5. The action is DISMISSED;

6. No certificate of appealability be issued;

7. The Motion for Court Appointed Counsel (ECF No. 8) is DENIED AS MOOT;

8. The two Motions to Classify Petitioner's Affidavit of Mental Health Documents as Confidential per HIPAA (ECF Nos. 11, 15) are GRANTED; and

9. The Clerk is ORDERED to designate as confidential the Affidavit for Petitioner's Mental Health Records from Nystrom and Associates, (ECF No. 10), the Affidavit for Petitioner's Mental Health Records from Woodland Center, (ECF No. 14), and medical records filed at ECF No. 14-1.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 16, 2023                               BY THE COURT:

                                                     s/Nancy E. Brasel
                                                     Nancy E. Brasel
                                                     United States District Judge